# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL TIFFANY, individually and on behalf of similarly situated persons, | ) ) ) Case No. CIV-15-1190-HE |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| KO HUTS, INC. and CHISHOLM ENTERPRISES, INC., | ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Michael Tiffany, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1.  Defendants KO Huts, Inc. and Chisholm Enterprises, Inc. together have operated a total of approximately 40 Pizza Hut franchise stores in Oklahoma, Kansas and Ohio during times relevant. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and Oklahoma minimum wages during some or all workweeks.

1

2.   Plaintiff Michael Tiffany brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and as a class action under the Oklahoma Minimum Wage Act ("OMWA"), 40 Okl. St. § 197.1 *et seq.,* to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendants at their Pizza Hut stores.

## Jurisdiction and Venue

3.   The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (pendent claims).

4.   Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Pizza Hut franchise stores in this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5.   Defendant KO Huts, Inc. is a Kansas corporation which, during times relevant, operated Pizza Hut franchise stores within the Western District of Oklahoma.

6.   Defendant Chisholm Enterprises, Inc. is a Kansas corporation which, during times relevant, operated Pizza Hut franchise stores within the Western District of Oklahoma.

7.   Upon information and belief, Defendant KO Huts, Inc. is the successor of Defendant Chisholm Enterprises, Inc. as there has been a substantial continuity of business operations; Defendants have used the same business facilities, the same or substantially the same work force, and the same or substantially the same supervisory personnel; Defendants provided the same jobs under substantially the same working conditions; Defendants have used the same machinery, equipment and methods of production; and Defendants have produced the same products.

8.   Alternatively, upon information and belief Defendants comprise a single integrated enterprise and jointly operate the chain of approximately 40 Pizza Hut franchise stores as they maintain interrelated operations, centralized control of labor relations, common management, common ownership and common financial control.

9.   Alternatively, upon information and belief because the work performed by Plaintiff and all other delivery drivers simultaneously benefited both Defendants and / or directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer."

10. Plaintiff Michael Tiffany was employed by Defendants from approximately June to July 2015 as a delivery driver at its Pizza Hut store in Enid, Oklahoma, which is located within the Western District of Oklahoma. Plaintiff Tiffany's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

11. During the recovery period, Defendants have owned and operated approximately 40 Pizza Hut franchise stores in Oklahoma, Kansas and Ohio.

12. Defendants' Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

13. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

14. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

15. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but that per-mile reimbursement has been far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle.  This policy applies to all of Defendants' delivery drivers.

16. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

17. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.555 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

19. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff

and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21. Defendants fail to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and Oklahoma minimum wage requirements.

22. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

23. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Oklahoma minimum wages.

24. Plaintiff Tiffany was paid $7.25 per hour during his employment with Defendants, including a tip credit applicable to the time he was performing deliveries.

25. The federal and Oklahoma minimum wages have been $7.25 per hour since July 24, 2009.  29 U.S.C. § 206(a); 40 Okl. St. § 197.2.

26. Plaintiff Tiffany drove a 2006 Chevrolet Equinox while delivering pizzas for Defendants.

27. During Plaintiff Tiffany's employment by Defendants, the per mile reimbursement rate at the store where Plaintiff Tiffany worked was approximately $.30 per mile.

28. During his employment with Defendants, Plaintiff Tiffany experienced an average delivery distance of at least 5 miles per delivery.

29. During this same time period, the IRS business mileage reimbursement rate was $.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff Tiffany's automobile expenses, every mile driven on the job decreased his net wages by approximately $.275 ($.575 - $.30) per mile. Considering Plaintiff Tiffany's estimate of at least 5 miles per delivery, Defendants under-reimbursed him about $1.375 per delivery ($.275 x 5 miles).

30. During his employment by Defendants as a delivery driver, Plaintiff Tiffany typically averaged approximately 2 deliveries per hour.

31. Thus, Plaintiff Tiffany consistently "kicked back" to Defendants $2.75 ($1.375 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.50 ($7.25 per hour - $2.75 kickback).

32. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Tiffany. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar

distances and at similar frequencies; and were paid at or near the federal and Oklahoma minimum wage before deducting unreimbursed business expenses.

33. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal and state minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

34. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

35. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal and Oklahoma minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

**Class and Collective Action Allegations**

36. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

39. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically

deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.  They were reimbursed similar set amounts of automobile expenses per mile; and

i.  They were paid at or near the federal and state minimum wage before deducting unreimbursed business expenses.

40.  Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

All current and former delivery drivers employed by Defendants in the State of Oklahoma since the date 3 years preceding the filing of this Complaint.

41. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

42. Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

43. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

44. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a. Whether Defendants failed to pay Class members the minimum wage required by Oklahoma law,

b. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

c. Whether Defendants' formula and/or methodology used to calculate reimbursements for vehicle expenses resulted in unreasonable under-reimbursement of the Class members, and

d. Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Oklahoma law.

45. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

46. Plaintiff's claim is typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.   Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.   Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d.   Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.   Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.   Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g.   Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;

h.   Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

i.   Plaintiff and the Class were paid at or near the Oklahoma minimum wage before deducting unreimbursed business expenses.

47. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

48. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

49. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

50. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I:  Violation of the Fair Labor Standards Act of 1938

51. Plaintiff reasserts and re-alleges the allegations set forth above.

52. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

53. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

54. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

55. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

56. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

57. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

58. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

59. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

60. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

61. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiffs join this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

62. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act

willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

63. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II:  Violation of the Oklahoma Minimum Wage Act

64. Plaintiff reasserts and re-alleges the allegations set forth above.

65. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the OMWA, 40 Okl. St. § 197.1 *et seq.*

66. The OMWA exempts certain categories of employees from Oklahoma's minimum wage and other obligations, none of which apply to Plaintiff or the Class.  40 Okl. St. § 197.4(e).

67. The OMWA regulates, among other things, the payment of minimum wage by employers who employ any person in Oklahoma, subject to limited exemptions not applicable herein.   40 Okl. St. § 197.1 *et seq.*

68. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the OMWA.  40 Okl. St. § 197.4(d).

69. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the OMWA.  40 Okl. St. § 197.4(e).

70. Pursuant to the OMWA, employees have been entitled to be compensated, with or without a tip credit, at a rate of $7.25 per hour since July 24, 2009.  40 Okl. St. § 197.2.

71. Defendants, pursuant to their policy and practice, violated the OMWA by refusing and failing to pay Plaintiff and the Class minimum wage after deduction of un-reimbursed vehicle expenses incurred on the job.

72. Plaintiff and the Class are victims of a uniform and employer-based compensation policy.  Upon information and belief, this uniform policy, in violation of the OMWA, has been applied, and continues to be applied, to all Class members in Defendants' other Pizza Hut stores in Oklahoma.

73. Plaintiff and all similarly situated employees are entitled to actual damages equal to the difference between the minimum wage and actual wages received after deduction for un-reimbursed vehicle expenses within the 3 years preceding the filing of this Complaint.  40 Okl. St. § 197.9; 12 Okl. St. § 95(2).

74. Plaintiff and all similarly situated employees are entitled to liquidated damages equal to the difference between the minimum wage and actual wages received after deduction for un-reimbursed vehicle expenses within the two years preceding the filing of this Complaint.  40 Okl. St. § 197.9.

75. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

76. Defendants are liable for Plaintiffs' costs an attorney's fees incurred in this action.  *Id*.

WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

19

Dated:      October 21, 2015                    Respectfully submitted,

**PAUL McINNES LLP**                             **RICE LAW FIRM**

Richard M. Paul III (MO Bar #44233)              <u>/s/ Chase McBride</u>
(*pro hac vice* forthcoming)                     Chase McBride, OBA# 32061
Jack D. McInnes (MO Bar #56904)                  1401 S. Douglas Blvd., Suite A
(*pro hac vice* forthcoming)                     Midwest City, Oklahoma 73130
601 Walnut Street, Suite 300                     Telephone:    (405) 732-6000
Kansas City, Missouri  64106                     Facsimile:     (405) 737-7446
Telephone:    (816) 981-8100                     chase@ricelawfirm.net
Facsimile:     (816) 981-8101
paul@paulmcinnes.com
mcinnes@paulmcinnes.com

**WEINHAUS & POTASHNICK**

Mark A. Potashnick
(E.D. Mo. Bar # 41315MO)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:    (314) 997-9150
Facsimile:     (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**