# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL TIFFANY, individually and on behalf of similarly situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) NO. CIV-15-1190-HE |
| KO HUTS, INC., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Plaintiff Michael Tiffany filed this action on behalf of himself and other delivery drivers for defendant KO Huts, Inc. ("KO Huts"), which operates Pizza Hut franchise stores in several states. He asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and under the Oklahoma Minimum Wage Act ("OMWA"), 40 Okla. Stat. §§197.1-197.14, to recover unpaid minimum wages. When defendant filed a motion to compel plaintiff to arbitrate his claims on only an individual basis, plaintiff initiated an FLSA collective action arbitration. The court then enjoined the parties from pursuing arbitration until it decided certain gateway arbitrability issues. *See* Doc. #66. It now considers defendant's motion to compel individual arbitration.

## Background

Plaintiff worked as a delivery driver for KO Huts in Enid, Oklahoma from May 27 to July 20, 2015. It is undisputed that before plaintiff started working for defendant he signed an Agreement to Arbitrate ("Agreement"), which requires him to arbitrate his wages dispute. It is also undisputed that the Agreement includes a waiver of the right to arbitrate as part of

any class or collective action. The dispute is who determines the validity of the waiver, the court or the arbitrator. At least in this action plaintiff offers no substantive reasons as to why the collective/class action prohibition in the Arbitration Agreement is invalid. Instead he simply challenges defendant's position that it is the court, rather than the arbitrator, who determines whether the waiver is enforceable. *See* Doc. #20.

## Analysis

The availability of classwide arbitration depends on the specific provisions of the parties' Agreement. "[A]rbitration is a matter of contract" and arbitration agreements must be enforced according to their terms. Nesbitt v. FCNH, Inc., 811 F.3d 371, 376 (10th Cir. 2016) (internal quotation marks omitted). The pertinent provisions of the Agreement follow.

> KO Huts, Inc. (KOHI), . . . and I agree to use binding arbitration, instead of going to court, for any claims, including any claims now in existence or that may exist in the future . . . that I may have against KOHI . . . . Without limitation, such claims include any concerning wages, expense reimbursement, . . . [and] compensation . . . . In any arbitration, the American Arbitration Association ("AAA") will administer the arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association will govern, except that (a) KOHI will pay the arbitrator's fees; (b) KOHI will pay the arbitration filing fee; and (c) as discussed below, the arbitration shall occur only as an individual action and not as a class, collective, representative, private attorney general action or consolidated action. The rules are available for review as www.adr.org or can be sent to you by the Home Office.
>
> KOHI and I agree that any and all claims subject to arbitration under this Agreement to Arbitrate may be instituted and arbitrated only in an individual capacity, and not on behalf of or as a part of any purported class, collective, representative private attorney general action, or consolidated action (collectively referred to in this Agreement to Arbitrate as a "Class Action"). Furthermore, KOHI and I agree that neither party can initiate a Class Action in court or in arbitration in order to pursue any claims that are subject to

2

> arbitration under this Agreement to Arbitrate . . . .The waiver of Class Action claims and proceedings is an essential and material term of this Agreement to Arbitrate, and KOHI and I [Tiffany] agree that if it is determined that it is prohibited or invalid under applicable law, then this entire Agreement to Arbitrate is unenforceable.
>
> All issues are for the arbitrator to decide, except that issues relating to arbitrability, the scope or enforceability of this Agreement to Arbitrate, or the validity, enforceability, and interpretation of its prohibitions of class and representative proceedings, shall be for a court of competent jurisdiction to decide.

Doc. #16-1, at 2.

The court previously concluded in its April 13, 2016, Order granting defendant's motion for preliminary injunction that the language of the Arbitration Agreement is clear and that the express allocation of the authority to determine issues relating to arbitrability to the court controls over the general reference in the Agreement to the American Arbitration Authority ("AAA") rules. It determined that the question of the availability of classwide arbitration is a gateway issue or an "issue of arbitrability." It further concluded that, even if the parties' Arbitration Agreement is internally inconsistent due to the incorporation of the AAA rules, the ambiguity is resolved by applying the presumption that "[t]he question whether parties have submitted a particular dispute to arbitration, *i.e.*, the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986)). Incorporating the AAA rules did not, the court determined, result in the clear showing required to demonstrate that the parties intended for the arbitrator to decide the

question of the validity/enforceability of the collective and class action waiver. Therefore, the court decides whether, pursuant to the terms of the parties' Arbitration Agreement, plaintiff must arbitrate his FLSA and OMWA claims individually. As plaintiff has not challenged the validity of the waiver, the court concludes it will be enforced.

Conclusion

It is undisputed that plaintiff is required under the terms of the parties' Arbitration Agreement to arbitrate his wages dispute and that he waived the right to arbitrate as part of any class or collective action. Plaintiff has not challenged the validity of the waiver and the court has now resolved the dispute regarding who determines the validity of the waiver. The Federal Arbitration Act provides that, if an issue is referable to arbitration under a written arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ." 9 U.S.C. § 3.

For the reasons stated in this order and in the court's April 13, 2016, Order [Doc. #66], defendant's motion to compel individual arbitration [Doc. #16] is **GRANTED**. Further proceedings in this case are stayed pending completion of the arbitration process. 9 U.S.C. § 3.[1] As further proceedings in this court may be unnecessary, the Clerk of Court is directed to administratively close this case in her records. Either party may move to reopen the case upon completion of the arbitration for such further proceedings in this court,

---

[1]*Defendant states in its motion that it "does not seek a stay as to its counterclaim for a declaratory judgment that Tiffany must arbitrate his claims in an individual action, that Tiffany cannot pursue his collective and class claims in court or arbitration, and that all decisions regarding the arbitrability of these claims must be made by the Court and not the arbitrator." Doc. #16, p. 10 n.3. Defendant has obtained the relief sought in the court's two orders.*

if any, as may be appropriate. If no party has moved to reopen this case within **ninety (90) days** after issuance of a final award in the arbitration proceeding, this case will be deemed dismissed with prejudice. The injunction previously entered by the court is lifted.

**IT IS SO ORDERED**.

Dated this 15th day of April, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE